# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0285, <u>In the Matter of Jodi Monroe and Matthew MacDonald</u>, the court on February 27, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. See Sup. Ct. R. 20(2). The petitioner, Jodi Monroe (Mother), appeals an order of the Circuit Court (Countway, J.) granting her request to relocate to Mississippi upon certain conditions, including that the respondent, Matthew MacDonald (Father), have supervised visits with the parties' daughter. We affirm.

We review a trial court decision on a parent's motion to relocate under our unsustainable exercise of discretion standard. See In the Matter of St. Pierre & Thatcher, 172 N.H. 209, 221 (2019). Under that standard of review, we consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011). We uphold the trial court's factual findings unless the evidence does not support them or they are legally erroneous. See In the Matter of Kempton & Kempton, 167 N.H. 785, 798 (2015).

RSA 461-A:12 governs motions to relocate. See RSA 461-A:12 (Supp. 2022). RSA 461-A:12, V requires the party seeking to relocate to prove, by a preponderance of the evidence, that: (1) relocation is for a legitimate purpose; and (2) the proposed relocation is reasonable in light of that purpose. If the burden of proof established under RSA 461-A:12, V is met, then the burden shifts to the other parent to prove, by a preponderance of the evidence, that the proposed relocation is not in the best interest of the child. RSA 461-A:12, VI.

In this case, the trial court assumed without deciding that Mother had proved that her relocation is for a legitimate purpose and that it is reasonable in light of that purpose. The trial court found, however, that Father had met his burden of proving that the relocation is not in the child's best interest. The court determined that the child's best interest could be met if, among other things, "[r]eunification counseling [began] immediately" and if, beginning in one month, Father had supervised visits with his daughter. Although the parties' original 2018 parenting plan had required Father to engage in reunification counseling

before having supervised visits, the trial court determined that because the daughter was now older, "completing this counseling is <u>not</u> a prerequisite to visits."

On appeal, Mother first argues that the evidence fails to support the trial court's finding that relocation without the court-required conditions is not in the child's best interest. We disagree.

The trial court found that, although Father had not seen his daughter since she was two and "has had virtually no relationship with her," he "has consistently fought to maintain some kind of relationship with [her]." The court further found that Mother had not taken steps to facilitate Father's relationship with the child. Given these findings, which the record supports, we conclude that it was reasonable for the court to determine that, without the court-required conditions, relocation is not in the child's best interest. <u>See</u> <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. at 585.

Mother also contends that the trial court's order impermissibly modified the parties' parenting rights and responsibilities. We disagree.

Although the parties' original 2018 parenting plan had required Father to engage in reunification counseling before having supervised visits, as the trial court found, and as the record supports, when the child was subsequently in a guardianship with the maternal grandmother, Father had contact with the child. Indeed, a February 2020 order in the guardianship proceeding granted Father's motion for visitation, allowing him supervised visitation for two, two-hour visits each month and, after four such visits, to have a two-hour visit each week, even though he was not enrolled in reunification counseling. That order also allowed Father to send the child cards and gifts. Finally, we emphasize that the trial court reasonably found that relocation, absent the conditions, is not in the child's best interest. Under these circumstances, we disagree with Mother that the trial court order now on appeal impermissibly modified the parties' parenting rights and responsibilities.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**